UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAITH NA,<br>CDCR No. AT-9636<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>SIMMONS; HVIZDZAK; ALIYEV; B.I.<br>MYERS; TALAMANTE; L.A. GARCIA;<br>McHENRY; MAUL,<br><br>　　　　　　　　　　　　Defendant. | Case No.: 3:16-cv-00592-WQH-WVG<br><br>**ORDER: (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; (2) DENYING MOTION TO APPOINT COUNSEL;  AND (3) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF SUMMONS AND COMPLAINT PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)** |

　　　Saith Na ("Plaintiff"), currently incarcerated at Pelican Bay State Prison located in Crescent City, California, and proceeding pro se, has filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983 (Doc. No. 1).   Plaintiff claims that his constitutional rights were violated when he was housed at George Bailey Detention Facility in April of 2015.  (*See* Compl. at 1.)

　　　Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) when he filed his Complaint; instead, he has filed a Motion to Proceed *In Forma Pauperis*

1

("IFP") pursuant to 28 U.S.C. § 1915(a), along with a Motion to Appoint Counsel. (Doc. Nos. 2, 3).

## I. Plaintiff's Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ S. Ct. __, 136 S. Ct. 627, 629 (U.S. 2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

2

preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. Cal. CivLR 3.2. *Andrews*, 398 F.3d at 1119. The Court has reviewed Plaintiff's trust account activity which shows he has a current balance of $0.00. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay [an] initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available.").

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (Doc. No. 2) and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fee owed must be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.     Motion to Appoint Counsel

In this matter, Plaintiff seeks an order from this Court appointing counsel to represent him.  (Doc. No. 3.)  Plaintiff claims he is "unable to afford counsel" and imprisonment will greatly limit his ability to litigate."  (*Id.* at 1, 2.)

There is no constitutional right to counsel in a civil case. *Lassiter v. Dept. of Social Servs*, 452 U.S. 18, 25 (1981). And while 28 U.S.C. § 1915(e)(1) grants the district court limited discretion to "request" that an attorney represent an indigent civil litigant, *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004), this discretion may be exercised only under "exceptional circumstances." *Id.*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires "an

evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The Court denies Plaintiff's request without prejudice because nothing in the record at this stage of the proceedings suggests he is incapable of articulating the factual basis for his claims, and any evaluation of his likelihood of success on the merits is premature. *I wil* Therefore, no exceptional circumstances warrant the appointment of counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

**III.   Initial Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

    **A.   Standard of Review**

Because Plaintiff is a prisoner and is proceeding IFP, his complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th

Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

### B.     42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### C. Plaintiff's allegations

Plaintiff's claims arise from his housing at the George Bailey Detention Facility on April 5, 2015.  (*See* ECF No. 1 at 1.)  On April 5, 2015, Plaintiff claims that he was escorted to "Cell #110" by Defendant Garcia, along with other deputies at 3:05 p.m.  (*Id.* at 5)  Plaintiff claims Defendant Aliyev went inside the cell and "dragged out a mattress filled with water." (*Id.*)  Plaintiff objected to being housed in that cell but he claims Defendant Garcia told him to "get the fuck inside the cell." (*Id.*)  Plaintiff entered the "flooded cell." (*Id.*)  Defendant Garcia removed the handcuffs from Plaintiff but left him "without a bed roll or cleaning supplies to clean the cell." (*Id.*)

Plaintiff alleges that cell was "splattered" with food, the majority of the "water from the toilet bowl was empty," the cell was "flooded with sink water and toilet water" and there was "urine and feces near the toilet." (*Id.* at 6.)  He further discovered that the water had been shut off in this cell.  (*Id.*)

While Plaintiff was in this cell, Defendant Aliyev "walked by" for a routine check and Plaintiff asked him for cleaning supplies.  (*Id.*)  Plaintiff alleges that Defendant Aliyev responded "he'll see what he can do." (*Id.*)  Later that day, Defendant Hvizdzak "walked by Plaintiff's cell for a routine check" and Plaintiff asked him for cleaning supplies.  (*Id.*)  Plaintiff alleges Defendant Hvizdzak responded "not right now." (*Id.* at 7.)  Plaintiff also informed Defendant Hvizdzak that the sink did not work and Hvizdzak responded that "we shut off the water because we had an idiot in the cell before you who was flooding the cell." (*Id.*)  Defendant Hvizdzak turned the water back on in the cell. (*Id.*)

Later that evening, Plaintiff claims that Defendants Aliyev and Hvizdzak "got off work" but failed to provide Plaintiff "with cleaning supplies to clean the cell" and a "bed roll." (*Id.*)  As a result, Plaintiff claims these Defendants acted with "deliberate indifference" in leaving Plaintiff in a "flooded/unsanitary cell." (*Id.*)

1  Between 6:45 and 7:00 p.m., Plaintiff states he "got up to use the toilet" and
2  "slipped and fell injuring his head and lower back." (*Id.* at 7-8.) At some later point,
3  Defendant Myers "walked by Plaintiff's cell for a routine check." (*Id.* at 8.) Plaintiff
4  claims Defendant Myers saw Plaintiff "on the ground lying on a puddle of filth." (*Id.*)
5  Plaintiff got up from the floor and called to Defendant Myers for help. (*Id.*) Plaintiff
6  claims he informed Defendant Myers that he "needed medical attention" to which
7  Defendant Myers informed Plaintiff that he had "just walked by, I saw you on the floor"
8  but that he "thought you were just lying there." (*Id.*) Plaintiff claims Defendant Myers
9  told him to "hold off" and then walked away. (*Id.*)

10  Plaintiff alleges he repeatedly asked Defendant Myers for medical attention when
11  he performed additional "routine checks" but Myers "ignored Plaintiff each time and
12  walked away." (*Id.* at 9.) Plaintiff then told Defendant Talamante, as he passed by the
13  cell for a routine check, that he had "slipped and fell and he needed medical attention."
14  (*Id.*) Plaintiff states that Defendant Talamante also ignored Plaintiff and "walked away."
15  (*Id.*) In addition, he alleges Defendant Talamante also failed to provide Plaintiff with
16  cleaning supplies which "left Plaintiff to suffer in an inhumane condition of
17  confinement." (*Id.* at 10.)

18  At 7:00 p.m., Plaintiff claims that he "press[ed] the button the intercom and spoke
19  with Defendant McHenry" informing him that he had "slipped and fell because the cell
20  was flooded and needed medical attention." (*Id.*) Plaintiff claims Defendant McHenry
21  responded by telling Plaintiff to "hold off." (*Id.*)  Several minutes later, Plaintiff used
22  the intercom again but was ignored. (*Id.*)

23  On April 10, 2015, Plaintiff claims that "insects started to come into the cell"
24  because his cell had not been cleaned or sanitized. (*Id.* at 12.) The next day, Plaintiff
25  "explained to Sgt. Simmons" the events that occurred on April 5, 2015. (*Id.*) Plaintiff
26  claims Defendant Simmons told him that he would direct his deputies "to bring Plaintiff

28  7

some cleaning supplies." (*Id.*) However, no one brought Plaintiff cleaning supplies. (*Id.*) On the evening of April 11, 2015, Plaintiff spoke to Lieutenant Kania who then had workers clean and sanitize the cell. (*Id.* at 12-13.)

As currently pled, the Court finds Plaintiff's Complaint contains conditions of confinement claims that are sufficient to survive the "low threshold" for proceeding past the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012).

Accordingly, the Court will direct the U.S. Marshal to effect service upon the Defendants on Plaintiff's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED. R. CIV. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

**III.  Conclusion and Orders**

Good cause appearing, the Court:

1. DENIES Plaintiff's Motion for Appointment of Counsel (ECF No. 3) without prejudice;

2. GRANTS Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

3. DIRECTS the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

4. DIRECTS the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

5. DIRECTS the Clerk to issue a summons as to Plaintiff's Complaint (ECF No. 1) upon Defendants and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified copy of his Complaint (ECF No. 1), and the summons so that he may serve the Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285s as completely and accurately as possible, and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package.

6. ORDERS the U.S. Marshal to serve a copy of the Complaint and summons upon Defendants as directed by Plaintiff on the USM Form 285s provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(3).

7. ORDERS Defendants to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the defendant is required to respond).

8. ORDERS Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants, or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to FED. R. CIV. P. 5(b). Plaintiff must include with every

1  original document he seeks to file with the Clerk of the Court, a certificate stating the
2  manner in which a true and correct copy of that document has been was served on
3  Defendants or their counsel, and the date of that service. *See* S.D. CAL. CIVLR 5.2. Any
4  document received by the Court which has not been properly filed with the Clerk or
5  which fails to include a Certificate of Service upon Defendants may be disregarded.

    IT IS SO ORDERED.

Dated:  May 17, 2016

*[signature]*
Hon. William Q. Hayes
United States District Court